[No. 21893. Department One. August 28, 1929.]

J. T. EPLEY, *Appellant*, v. J. A. ENBODY, *Respondent*.[1]

*O. A. Tucker* and *P. C. Kibbe*, for appellant.
*Thomas L. O'Leary*, for respondent.

FULLERTON, J.—This appeal involves two separate judgments of the court below, entered in actions instituted by the appellant, Epley, against the respondent, Enbody, which the court consolidated for the purposes of trial.

The first of the consolidated actions was founded upon the statutes of unlawful detainer. The appellant held a contract of purchase, with the right of possession, of certain real property in the city of Olympia on which there was a garage building. He had leased the property to the respondent for a term of fifteen years, with a rent reserved, payable in monthly install-

[1]Reported in 279 Pac. 1107.

ments of $300 each. The action was founded on the claim that the respondent had defaulted in the rental payments, and had refused to quit and surrender the premises after the statutory demand and notice had been served upon him. The answer of the respondent was a denial of the default and an affirmative plea of payment.

In the second of the actions, the appellant declared upon some eight separate items of account, the items totaling the sum of $2,689.92. By a supplemental complaint, later filed, he added additional items, increasing his demand to $8,189.92. The respondent answered, denying that he was indebted to the appellant in any sum, and averring that the appellant was indebted to him in the sum of $4,250. Answering further, he alleged, in substance, that the parties had had mutual dealings with each other extending over a period of two years; that their accounts had become commingled, and that it was necessary, in order to ascertain the exact state of the account between them, that an accounting be had. The prayer was that the action be consolidated with the first mentioned action, and the respondent be granted such relief as the court should deem meet and equitable.

The trial court consolidated the actions and tried out the issues as an action for an accounting, entering judgments in both causes of action on the same day. In the first, it found that the respondent was not in default in the rental payments and entered a judgment dismissing the action with costs. In the second, it found that the balance, on striking the account, was in favor of the respondent, and entered a judgment in his favor in the sum of $4,250, the amount the respondent alleged in his answer to be his due.

The appellant challenges many of the items of account the trial court allowed as credits to the re-

spondent, and complains that it disallowed credits which were rightly due to him. But, for the major part of these, we are unable to say that an erroneous conclusion was reached. The dealings between the parties were somewhat extensive, and involve contracts relating to properties of considerable value, but the written records of the transactions made by the parties, while they show with some certainty their nature, give no adequate idea of the obligations that were created by them. Nor are we able to gather much light from the oral testimony of the parties given in explanation of the transactions. This testimony was, on all of the principal matters, flatly contradictory, and the nature of the transaction does not aid in determining wherein the truth lay. On these, therefore, we shall without further discussion follow the conclusion of the trial court.

But there was one transaction on which we are constrained to hold that the trial court reached an erroneous conclusion. The lease of the property was of the real property only. There was, upon the property, as we have said, a building. It was constructed for use as a public garage, and was so actually used by the appellant at the time of the lease. The building was equipped with the usual furnishings found in such places, and there was in stock a large quantity of merchandise of the character usually carried by such concerns for supplying the needs of customers. These articles were of considerable value, and were all turned over to the respondent. At that time, the respondent assumed certain obligations, due to wholesalers, incurred by the appellant, amounting approximately to $1,000; and at the same time, or shortly thereafter, paid to the appellant in cash the sum of $1,000. It is the contention of the appellant that these were obligations due him as a part of the purchase price of the

fixtures, while the respondent contends that they were in the nature of advancements, and were to be deducted from the subsequently accruing rents. The trial court found with the respondent, charging the appellant with those advancements on striking the account. We have discovered in the record no direct evidence as to the value of these articles, but there is indirect evidence, given in connection with other transactions, which leads to the conclusion that they had a considerable value, as much at least as the sums above named. If these articles were not to be paid for directly by the respondent, the alternate conclusion must be that they passed to the respondent as a part of the leased property. But we find no evidence which seems to us to justify such a conclusion. It does not follow from anything in the written evidence, and it seems to us that the oral evidence, when considered in connection with the presumption that arises from the nature of the transaction, preponderates with the appellant.

Our conclusion is that the sum of $2,000 should be deducted from the award the trial court made to the respondent, and that the judgment entered in the trial court should be modified to that extent. Our order will be that the last of the mentioned judgments be reversed and remanded with instructions to deduct therefrom $2,000, and enter a judgment in favor of the respondent for the remainder.

TOLMAN, HOLCOMB, BEALS, and FRENCH, JJ., concur.